IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FREDDIE A. HENDERSON,**

    **Plaintiff,**

vs.                                                              **CASE NO. 4:06CV511-MP/AK**

**SGT. PHILMAN, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendant Philman used excessive force against him and Defendants Pack, Amen, and Rosenberg filed false disciplinary reports in retaliation for Plaintiff reporting the use of force. (Doc. 19)[1]. Defendants have filed a special report (doc. 52), which has been construed as a motion for summary judgment (doc. 55), and Plaintiff has responded thereto. (Doc. 58).

**I.    Amended Complaint (doc. 19)**

Plaintiff alleges that on January 17, 2006, Sgt Philman hit him in his chest while he was handcuffed causing him to fall and injure himself. He was issued a disciplinary

---

[1] Although Plaintiff filed a second amended complaint after service of the first amended complaint upon the Defendants (doc. 34), he did not seek leave to file this pleading nor was the pleading on a form complaint as required. Consequently, the second amended complaint should not have been filed nor was it ever addressed by the Defendants, who have responded to the First Amended Complaint only.

report for disorderly conduct, which he alleges was false and in retaliation for reporting the assault by Philman. Other fabricated disciplinary reports followed and Plaintiff claims that his family was told over the phone that if Plaintiff stopped filing grievances and the family stopped calling Tallahassee on his behalf the DR's would stop. Plaintiff seeks injunctive relief to have the false DR's expunged from his record, and nominal and punitive damages for the physical and emotional injuries he has suffered.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242,

**No. 4:06cv511-MP/AK**

251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendants Rule 56(e) relevant evidence (Doc. 52)**

    a)    Plaintiff's Disciplinary history

History shows that since 1980 Plaintiff has had 28 DR's for disorderly conduct, lying, disrespect to officials, failure to comply, threats, fighting, assault, possession of contraband, and other infractions.

    b)    Disciplinary Report of January 17, 2006

**No. 4:06cv511-MP/AK**

Reported by Defendant Pack, the DR charges Plaintiff with disorderly conduct for being in his cell when he should have started work and acting aggressively when asked about it, warning Pack to leave him alone.  Plaintiff signed a refusal to make a statement.  He appeared at the hearing, but made no plea and offered no evidence, was found guilty based on Defendant Pack's statement, and was given 30 days confinement and a loss of 60 days gain time.

      c)      Pre-Special Housing Health Appraisal dated January 17, 2006

Inmate reported being shoved by an officer, but there were no injuries noted.

      d)      Disciplinary Report of February 1, 2006

Reported by Officer Hayden, Plaintiff was given a DR for disrespect for allegedly cussing Hayden.  He was found guilty.

      e)      Disciplinary Report of February 21, 2006

Reported by Defendant Aman, Plaintiff was given a DR for disrespect for allegedly cussing Aman and ordering him to give him another food tray.  He was found guilty after consideration of two other staff members statements and an inmate's statement, which is illegible.

      f)      Disciplinary Report of April 14, 2006

Reported by Defendant Rosenberg, Plaintiff was charged with an obscene profane act, i.e. masturbating.  He was found guilty and give 90 days loss of gain time and 30 days confinement.  Plaintiff waived his right to attend the hearing and refused to provide a statement.

      g)      Inmate Request dated January 17, 2006

**No. 4:06cv511-MP/AK**

[illegible]

h)      Response to Inmate Request dated January 23, 2006

[illegible]

i)      Bureau of Investigations Case Summary dated January 23, 2006

Concerning the shoving incident with Defendant Philman and a threat by Defendant Williams which allegedly occurred on January 17, 2006, the incident was deemed "low solvability," and "referred to management." The incident report shows that Plaintiff was taken to the emergency room for examination immediately after he reported abuse, and no injury was identified.

j)      Appeal of the DR decision to the Warden dated January 27, 2006

Plaintiff claims that a conflict of interest existed because Lt. Cruce investigated the use of force and she was on the hearing committee for his DR. He also complains that the DR was fabricated to cover up the use of force by Sgt. Philman, and that his informal grievance on the use of force was "approved." The response was that he should re-file it and address only one issue at a time.

k)      Formal Grievance dated January 30,2 006

Complaining that the use of force on January 17, 2006, is serious and urgent. The response is that the informal grievance had already been referred to the Inspector General's office.

l)      Formal Grievance to the Warden dated February 8, 2006

Complaining about the fabricated DR used to cover up the use of force by Sgt. Philman. The response was that Sgt. Pack contends the DR was truthful and Plaintiff

**No. 4:06cv511-MP/AK**

had offered nothing to refute the DR, except his denial of guilt, and the use of force was being investigated.

m)      Grievance of a sensitive nature dated February 3, 2006

Submitted directly to the Secretary, Plaintiff complains about the use of force incident with Sgt. Philman and continued DR's that he contends are being fabricated by officers in retaliation over the incident. The response was that it was being returned without action because he failed to attach the formal grievance and response.

n)      Appeal to Secretary dated February 10, 2006

Plaintiff complains about the false DR and requests a lie detector test. The response is that he has offered insufficient evidence to warrant overturning the DR.

## IV.   Plaintiff's response (doc. 58)

a)      Affidavit of Fredd Henderson dated September 11, 2007

Plaintiff's father attests that he received a phone call on March 13, 2006, telling him that his son had better stop making trouble. Mr. Henderson called his daughter, who told him to look at the caller identification, which showed an unlisted number. When his wife came in, she tried dialing #69, [sic], but the call could not be retrieved. She wrote to Plaintiff about what happened and he told them that the guard had hit him and he was pressing charges and it was probably the guards who called.

b)      Affidavit of Rickema Thomas #W09312 dated March 1, 2006

**No. 4:06cv511-MP/AK**

Inmate Thomas attests that he was standing in front of P-dorm when he noticed Plaintiff Henderson being lead by 3 correctional officers. When they stopped he saw Sgt. Philman push Plaintiff in the chest, "Inmate stepped back and then was lead to medical being escorted."

c)  Affidavit of Dewayne Pinacle #441853 dated March 1, 2006

Pinacle attests that he was sitting around at the barber shop on January 17, 2006, when he saw Plaintiff being escorted in handcuffs with Sgt. Philman and two other officers. He saw Philman push Plaintiff in his chest causing Plaintiff to "go backward a few steps," and then point his finger in Plaintiff's face, before taking Plaintiff away.

d)  Declaration of Plaintiff dated November 8, 2007

Under penalty of perjury, Plaintiff declares that a genuine issue of material fact exists because he has offered two affidavits of witnesses who saw the assault. Plaintiff also attests that officers working in confinement came to his cell and told him to quit making trouble and quit having his family call Tallahassee and he would not receive any more disciplinary reports. When his family came to visit him at Charlotte CI on September 2, 2006, they told him they had received phone calls saying to stop him from making trouble.

**V.  Analysis**

a)  Excessive Force

**No. 4:06cv511-MP/AK**

Under the Eighth Amendment, force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. Hudson v. McMillian, 503 U.S. 1, 7-8 (1992). A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force. Hudson, at 7.

Even accepting Plaintiff's verison of the facts as true, he suffered no injury from the incident with Defendant Philman. The facts, as stated in the complaint, vary from the facts as stated in the affidavits provided by Plaintiff in that he alleges in the complaint that he was pushed and fell down. He does not specify in the complaint what part of his body was injured. However, the facts, according to the affidavits of his witnesses, are that he was shoved and stepped back a few steps, but neither witness describes an injury or asserts that he fell down. The medical examination report also indicates no injuries. Regardless of whether he actually fell or not, Plaintiff has alleged no specific injuries and has offered no proof that he sustained any injuries. Thus, even if Defendant Philman pushed him in the chest, it is the opinion of the undersigned that

**No. 4:06cv511-MP/AK**

this is a de minimis use of force, and therefore, fails to state a claim of excessive use of force.

      b)      Retaliation

A claim that a plaintiff was penalized for the exercise of a specific constitutional right is properly considered under the First Amendment. See Thaddeus-X v. Blatter, 175 F.3d 378, 387 (6th Cir. 1999) (en banc). It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits. Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006); Redd v. Conway, 160 Fed. Appx. 858, 862 (11th Cir. 2005). To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[2] Id., at 1251. Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Id., at 1250, *quoting* Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, *supra* at 1253, n.6.

---

   [2] A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view. Bennett, *supra* at 1251.

**No. 4:06cv511-MP/AK**

A plaintiff bears the burden of proof on all three elements.

Plaintiff has carried his burden as to the first element, he clearly has a First Amendment right to file grievances or otherwise complain about excessive force or other misconduct by prison officials.  See Green, *supra* and Redd, *supra*.  However, as to the second Bennett requirement, Plaintiff must show that the Defendants' conduct resulted in something more than a "de minimis inconvenience" to the exercise of his First Amendment rights.  Bethel v. Town of Loxley, 221 Fed. Appx. 812, 813 (11th Cir. 2006).  Negative statements in general made by a defendant without threat of physical violence or any other consequence would not likely deter a person of "ordinary firmness" from exercising his rights.  Wood v. Valentino, 2007 WL 1427045 (M.D. Fla. 2007).  However, a threat of "something drastic" if a prisoner did not stop filing grievances said by someone in a position of significant authority is sufficient to deter a person of ordinary firmness from filing grievances.  Pittman v. Tucker, 213 Fed. Appx. 867, 871 (M.D. Fla. 2007).

Under the facts presented, Plaintiff was issued a DR on January 17, 2006, and three subsequent DR's in retaliation for reporting that excessive force was used against him.  (Doc. 52, Exhibits B, D, E and F).  Plaintiff has not shown how the DR's deterred him from asserting his rights in that he filed grievances on the incident, which was also reported to the Inspector General's office the same day it occurred.  Thus, it cannot be found that the alleged actions by Amen, Rosenberg, and Pack "chilled" Plaintiff from reporting the alleged wrong doing, which had already been reported and investigated by the time the other DR's issued (February 1 and 21, and April 14, 2006).  Further, for a

**No. 4:06cv511-MP/AK**

person with 28 previous DR's, it is unlikely that 3 more DR's for conduct similar to a multitude of previous DR behavior would intimidate him or otherwise deter him from asserting his constitutional rights.

Finally, as to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act (fabricating DR's) was in retaliation for filing grievances is not sufficient.  See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007).  See also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'").  The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted).  A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he was engaged in a First Amendment right.  Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992). Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect.  See Adams, 784 F.2d at 1082. Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not

**No. 4:06cv511-MP/AK**

be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

     Plaintiff has alleged no facts that connect the actions of Defendants Pack, Amen and Rosenberg to any retaliatory purpose for the DR's, such as a close and protective relationship among them or with Sgt. Philman, no statements from any of these defendants that would suggest they were retaliating against him, and nothing specific that was reportedly said in the telephone conversations with Plaintiff's father to suggest the connection between any of these defendants, the use of force by Defendant Philman, and the DR's issued by them.  In his declaration, Plaintiff claims that unidentified officers in confinement stopped at his cell and told him to quit having his family call Tallahassee, but he does not name any of the specific defendants nor does he describe the specific incidents.  Thus, the undersigned finds that Plaintiff has failed to carry his burden of proof on the third Bennett element as well.

     c)     Exhaustion

     42 U.S.C. § 1997e(a) provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

**No. 4:06cv511-MP/AK**

remedies as are available are exhausted." (Emphasis added.)  The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

**No. 4:06cv511-MP/AK**

Plaintiff is housed within the Florida Department of Corrections. Florida prisons have an administrative grievance program. See FLA. ADMIN. CODE CH. 33-103. The program has three-tiers culminating in an appeal to the Secretary. It does not appear that Plaintiff completed the process to the highest level, but the undersigned is not basing his recommendation that this cause be dismissed based on a failure to exhaust the administrative process since the grievances attached to the special report/motion for summary judgment are not legible.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment (doc. 55) be **GRANTED**, and that this cause be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this  _13th_  day of November, 2008.

                   *S/ A. KORNBLUM*
                   **ALLAN KORNBLUM**
                   **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after**

**No. 4:06cv511-MP/AK**

**being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:06cv511-MP/AK**